UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN EVAN MARLING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN RAMON, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00911-AGT<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 35 |

　　　　Plaintiff brings this civil rights action against the City of San Ramon and several individual defendants for alleged violations of his federal constitutional rights and various state laws. Defendants, who are all represented by the same counsel, have moved to dismiss the operative second amended complaint in its entirety pursuant to Rule 12(b)(6). Dkt. 35. Defendants argue, among other things, that (i) plaintiff's First, Fourth, and Fourteenth Amendment claims are insufficiently alleged and/or fail as a matter of law, (ii) the individual defendants are entitled to qualified immunity, (iii) plaintiff's *Monell* claim fails because he "does not plead under which theory of *Monell* liability he intends to proceed," and (iv) plaintiff has not and cannot allege facts supporting the requisite elements of his state law claims. *See id.* at 12–27. On the day plaintiff's opposition was due, the parties filed a stipulated request to extend the briefing schedule by approximately six weeks, because the motion to dismiss "raises a significant number of complex issues that require more time for the parties (and their respective counsel, who have obligations to multiple clients) to address than is allotted by Civil L.R. 7-1 and 7-2." Dkt. 36 at 3. The Court granted the parties' stipulation, extended their respective opposition and reply deadlines as requested, and continued the hearing on the motion to dismiss. Dkt. 37.

　　　　Plaintiff subsequently filed a timely opposition brief in which he responds to defendants'

numerous dismissal arguments seriatim. Dkt. 38. With the exception of his malicious prosecution claim, which plaintiff has agreed to voluntarily dismiss (*see id.* at 15), plaintiff identifies specific allegations that he believes support his claims and undermine defendants' arguments for qualified immunity. Plaintiff also articulates his theory of *Monell* liability and points to the allegations supporting that theory. *See id.* at 21–22.

Defendants, despite having requested and been granted a significant extension on their deadline to file a reply, chose not to file any reply brief. In waiving that opportunity, defendants have not addressed the counterarguments in plaintiff's opposition, many of which appear to squarely respond to the issues raised in defendants' motion.

While reply briefs are indeed optional under this District's civil local rules, this is a case in which a reply ensures the Court may make a well-reasoned decision. Defendants' silence on reply under the circumstances forces the Court to speculate as to whether defendants concede the validity of plaintiff's arguments raised in the opposition. But rather than guessing what defendants' response would or should be, and given the "significant number of complex issues" and unanswered arguments presently before the Court, the Court now orders that further briefing be submitted. The alternative course of action—holding oral argument and asking defendants at that time to respond to the arguments raised in plaintiff's opposition—would simply delay proceedings and unfairly impact plaintiff's preparation for argument.

Accordingly, by December 22, 2023, defendants shall file a brief addressing the arguments raised in plaintiff's opposition. If defendants concede any argument, it would be helpful to indicate that as well. Plaintiff may then file a response to the supplemental brief by January 12, 2024. Neither brief shall exceed 10 pages. The Court will decide whether a hearing is necessary after reviewing the supplemental papers.

**IT IS SO ORDERED.**

Dated: December 8, 2023

ALEX G. TSE
United States Magistrate Judge